DARRELL L. COCHRAN
(darrell@pcvalaw.com)
KEVIN M. HASTINGS
(kevin@pcvalaw.com)
Pfau Cochran Vertetis Amala PLLC
911 Pacific Ave., Ste. 200
Tacoma, WA 98402
Tel: (253) 777-0799

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA**

| | |
|---|---|
| K.N., individually, and as legal guardian and mother of U.S.V., a minor,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　vs.<br><br>TACOMA SCHOOL DISTRICT NO. 10; a public corporation; MEGAN CLARK, individually; SANDRA HOLMES, individually; MELISSA PORTER, individually; STEVEN HOLMES, individually; JANE AND JOHN DOES 1-7,<br><br>　　　　　　　　　Defendants. | NO.<br><br>COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND DAMAGES<br><br>Demand for Jury Trial |

**COMES NOW** Plaintiffs by and through their attorneys Darrell L. Cochran and Kevin M. Hastings of the law firm of Pfau Cochran Vertetis Amala PLLC to bring a cause of action against the Defendants, and allege the following:

## I.　　PARTIES

1.　<u>Plaintiff K.N.</u>:  Plaintiff K.N. is the mother of U.S.V., who was sexually abused while in the custody and care of Defendants.  Plaintiff K.N. is a childhood sexual abuse survivor herself, and the sexual abuse of her daughter U.S.V. as the result of Defendants' deliberate indifference and misfeasance has caused Plaintiff K.N. to suffer significant loss of consortium



with her daughter. At all relevant times Plaintiff K.N. was a resident of Pierce County, Washington.

2. <u>Plaintiff U.S.V.:</u> Plaintiff U.S.V. is a child who was sexually abused while in the custody and care of Defendants. At all relevant times, the minor, U.S.V. was a five-year-old female resident of Pierce County, Washington. Plaintiff U.S.V.'s claim is being brought by her legal guardian and mother, K.N., as the litigation guardian *ad litem* to advance the case for the benefit of and on behalf of Plaintiff U.S.V.

3. <u>Defendant Tacoma School District, No. 10:</u> Defendant Tacoma School District (the "District") is a public corporation organized under the laws of the State of Washington and is subject to suit in such corporate capacity for its acts and those of its agents and employees. The District has its primary place of business in Pierce County, Washington, and is subject to the provisions of Title 28A of the Revised Code of Washington. At all relevant times, the District operated, and otherwise exercised control over, the public schools within the District, including Grant Elementary School, for the benefit of the school-aged children residing in the Tacoma School District. The District is responsible for all conduct of its agents and employees with respect to the attendance of Plaintiff U.S.V. at school in the District. At all relevant times, the District had custody of, control of, and supervisory responsibility for Plaintiff U.S.V. *in loco parentis.*

4. <u>Defendant Megan Clark:</u> Defendant Megan Clark was at all relevant times the Grant Elementary School classroom teacher hired by the Tacoma School District to control and supervise the class in which Plaintiff U.S.V. was a kindergarten student. Upon belief, Defendant Megan Clark was at all relevant times a citizen of Pierce County, Washington. It was during her time as the classroom teacher for Plaintiff U.S.V., and other students, that Defendant Megan Clark knew that Plaintiff U.S.V. and other children in the classroom were being sexually assaulted by a sexually aggressive male student or students in the class. Defendant Megan Clark concealed known child sexual abuse and otherwise acted, and failed to

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND DAMAGES

Page 2

PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

act, with deliberate indifference in a manner that proximately resulted in harm to Plaintiff U.S.V.  Defendant Megan Clark is being sued in her individual capacity for her actions under color of state law.

5. <u>Defendant Sandra Holmes:</u>  Defendant Sandra Holmes was at all relevant times the Grant Elementary School classroom teacher hired by the Tacoma School District to control and supervise the class in which Plaintiff U.S.V. was a kindergarten student. Upon belief, Defendant Sandra Holmes was at all relevant times a citizen of Pierce County, Washington. It was during her time as the classroom teacher for Plaintiff U.S.V., and other students, that Defendant Sandra Holmes knew that Plaintiff U.S.V. and other children in the classroom were being sexually assaulted by a sexually aggressive male student or students in the class. Defendant Sandra Holmes concealed known child sexual abuse and otherwise acted, and failed to act, with deliberate indifference in a manner that proximately resulted in harm to Plaintiff U.S.V.  Defendant Sandra Holmes is being sued in her individual capacity for her actions under color of state law.

6. <u>Defendant Melissa Porter:</u> Defendant Melissa Porter was at all relevant times the Grant Elementary School Counselor in charge with the physical and psychological well-being of all Grant Elementary School children, including Plaintiff U.S.V.  Upon belief, Defendant Melissa Porter was at all relevant times a citizen of Pierce County, Washington. Defendant Melissa Porter was a mandatory reporter who had actual knowledge or constructive knowledge of ongoing inappropriate sexual conduct initiated by a sexually aggressive male student in Room 8, to which Plaintiff U.S.V. was subjected.  Defendant Melissa Porter concealed known child sexual abuse and otherwise acted, and failed to act, with deliberate indifference in a manner that proximately resulted in harm to Plaintiff U.S.V.  Defendant Melissa Porter is being sued in her individual capacity for her actions or omissions under color of state law.

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND DAMAGES

Page 3

PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799 Facsimile: (253) 627-0654

7. <u>Defendant Steven Holmes:</u>  Defendant Steven Holmes was at all relevant times the Grant Elementary School Principal hired by the Tacoma School District to enforce policies, establish building protocols and practices, supervise employees, terminate or change employment assignments to ensure student safety and respond to dangers and civil rights threats when circumstances require it.  Upon belief, Defendant Steven Holmes was at all relevant times a citizen of Pierce County, Washington. Defendant Steven Holmes, not related to Defendant Sandra Holmes, was informed in his official capacity in the fall of 2013 that a sexually aggressive male student in the Room 8 kindergarten class presented a clear danger to female kindergarten students, including Plaintiff U.S.V.  Defendant Steven Holmes also knew that both Defendant Sandra Holmes and Defendant Megan Clark did not have the ability to control the sexually aggressive male student in Room 8 and to prevent him from sexually abusing female students in the classroom.  Ignoring the risk to Plaintiff U.S.V.'s safety, Defendant Principal Steven Holmes removed the Room 8 teacher, Defendant Megan Clark, half-way through the 2013-2014 school year and replaced her with Defendant Sandra Holmes, even though another classroom with much fewer students was available for Defendant Sandra Holmes to teach. Defendant Steven Holmes, the principal, also failed to make mandatory reports of probable abuse and/or neglect in the fall of 2013 that would likely have prevented sexual abuse from occurring later in the school year.  Defendant Steven Holmes concealed known child sexual abuse and otherwise acted, and failed to act, with deliberate indifference in a manner that proximately resulted in harm to Plaintiff U.S.V.  Defendant Steven Holmes is being sued in his individual capacity for his actions under color of state law.

8. <u>Defendants Jane and John Does 1-7:</u>  Defendants Jane and John Does 1-7 are school district employees, as yet undetermined, who engaged in acts and omissions of a deliberately indifferent nature, which proximately resulted in the deprivation of the civil rights of minor Plaintiff U.S.V.

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS
AND DAMAGES

Page 4

PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

## II.     JURISDICTION AND VENUE

9. <u>Jurisdiction.</u> This Court has personal jurisdiction pursuant to RCW 4.28.185. Subject matter jurisdiction is predicated on federal question jurisdiction (28 U.S.C. §1331 and § 1343) due to claims under 42 U.S.C. §1983 and Title IX of the Education Amendments of 1972.

10. <u>Venue.</u> Venue is proper in this district under 28 U.S.C. § 1391(b), since all defendants reside, or resided, in this district, and the events giving rise to this action occurred in this district, Pierce County.

## III.     FACTS

11. Minor Plaintiff U.S.V., born on June 23, 2008, began kindergarten in the Tacoma School District at Grant Elementary School in September 2013. Her classroom was Room 8.

12. The Room 8 kindergarten teacher was supposed to be Defendant Sandra Holmes, but she took leave from the District under the Family Medical and Leave Act ("FMLA"), effective September 2013, and she did not report as U.S.V.'s teacher at the beginning of the 2013-2014 school year. Defendant Sandra Holmes's reasons for seeking the FMLA leave were due to emotional trauma that she had suffered. In the process of seeking FMLA leave, Defendant Sandra Holmes provided the District and its agents with information regarding her mental condition, including her diagnoses and treatment plans. She also requested that Diane Manley teach Room 8 during her absence.

13. Diane Manley was given a job number by the District and started taking workshops in the summer to prepare for teaching kindergarten in Room 8 at Grant County Elementary. But Grant Elementary School Principal Defendant Steven Holmes had other plans, and unbeknownst to Defendant Sandra Holmes and Diane Manley, he had hired Defendant Megan Clark to teach the kindergarten Room 8 class that Defendant Sandra Holmes had taught the previous school-year. When Diane Manley reported for duty in the fall of 2013, she

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND DAMAGES

Page 5

PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

discovered that Defendant Steven Holmes had overridden the previous decision to employ her as the Room 8 kindergarten teacher.

14.  Defendant Steven Holmes offered Defendant Megan Clark a contract to teach the entire 2013-2014 school year because he had been told that Defendant Sandra Holmes would not be returning the school year.  Defendant Steven Holmes had Defendant Sandra Holmes's name removed from the Room 8 kindergarten classroom door, and he never told the parents that Defendant Megan Clark was only a substitute in the Room 8 kindergarten class.

15.  During Defendant Megan Clark's time presiding over Room 8, a sexually violent male student, while in the personal classroom bathroom with the door wide open, intentionally exposed his penis to Plaintiff U.S.V.  Shortly after, the same sexually aggressive male student violently placed his hand, during school hours on school ground, into Plaintiff U.S.V.'s pants and underwear making skin-to-skin contact with his hand and Plaintiff U.S.V.'s buttocks.  That same day, Plaintiff U.S.V. reported to her mother that the sexually aggressive male student touched her inappropriately, and Plaintiff U.S.V.'s mother immediately contacted Defendant Megan Clark to inform her of the incident; request that Plaintiff U.S.V. be immediately removed to a different, safer class; and request a meeting with the principal, Defendant Steven Holmes.

16.  During the meeting with the principal, both Defendant Megan Clark and Defendant Steven Holmes informed Plaintiff U.S.V.'s mother that children exposing their private parts and touching each other's private parts has been a normal occurrence in Room 8 and that such sexual conduct of children aged 5-6 is normal and expected at Grant Elementary School.  Defendant Megan Clark and Defendant Steven Holmes informed Plaintiff U.S.V.'s mother that they would take care of the situation.  Uncomfortable with the thought of such sexual conduct between 5-year-olds being normal, Plaintiff U.S.V.'s mother repeatedly asked Defendant Megan Clark and Defendant Steven Holmes to have Plaintiff U.S.V. removed to another classroom, away from the sexually dangerous boy. Both Defendants dismissed and

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND DAMAGES

Page 6

PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

disregarded Plaintiff U.S.V.'s mother's request and knowingly concealed ongoing sexual abuse, thereby continuing to expose Plaintiff U.S.V. to repeated, inappropriate, and worse sexual touching by sexually aggressive boys in Room 8 during school hours on school grounds. Defendant Megan Clark and Defendant Steven Holmes created this danger by knowingly concealing sexual abuse and protecting a sexual predator and by allowing the sexually aggressive male students to have continued unsupervised contact with Plaintiff U.S.V., even though both Defendants had the control, authority, duty and legal mandate to report the abuse and/or remove the children from continued contact.

17. This was not the last time that Defendant Steven Holmes had concealed childhood sexual abuse of students. In Spring of 2017, a parent shared with Defendant Steven Holmes concern that a student was sexually abusing another student. Defendant Steven Holmes concealed the abuse from law enforcement and CPS, and he never followed-up with the parent making the report. A subsequent investigation by the District concluded that Defendant Steven Holmes was put on reasonable notice of student sexual activity but nonetheless concealed the sexual abuse from authorities.

18. It also was not the last time that Defendant Steven Holmes conducted an unsatisfactory investigation of childhood sexual abuse of students. In June 2014, Defendant Steven Holmes was reprimanded for using a substandard process "with respect to investigating the conduct of concern." This included conducting interviews without note-taking and not using proper interview techniques. In June 2017, Defendant Steven Holmes was investigating a sensitive issue of sexual nature between students and again used improper processes and procedures.

19. Plaintiff U.S.V. remained in the same classroom subject to repeated inappropriate sexual abuse by the same sexually aggressive student.

20. In November 2013, Defendant Sandra Holmes contacted Defendant Steven Holmes about returning to the District as a teacher. On December 4, 2013, Defendant Sandra

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND DAMAGES

Page 7

PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

Holmes met with parents of a kindergarten student and with Defendant Steven Holmes. The purpose of the meeting was to discuss whether to replace Defendant Megan Clark with Defendant Sandra Holmes as the kindergarten teacher of Room 8. During the meeting, a student's mother stated that Defendant Sandra Holmes was known as being a very poor teacher – "the worst in the school" – and that a "survey of other parents" proved it. The mother requested that Defendant Sandra Holmes not be placed as the teacher of Room 8, and the meeting became one marked by its hostility.

21. Defendant Sandra Holmes was also told at the meeting that a "LAP" position had been funded and would be opening in January 2014. LAP was a resource program for students that needed extra help, and the class size had a much smaller ratio of about five children to one teacher. Defendant Sandra Holmes was trained in LAP, and she was previously assigned to teach LAP at Grant Elementary School. In addition to LAP, Defendant Sandra Holmes had previously taught first grade at Grant Elementary School.

22. Defendant Megan Clark was credentialed and licensed to teach the Room 8 kindergarten class for the 2013-2014 school year. Given her credentials, Defendant Steven Holmes, as principal, had the authority to keep Defendant Megan Clark as the Room 8 kindergarten teacher and to place Defendant Sandra Holmes to any classroom where she had prior experience: the Room 8 kindergarten class never "belonged" to Defendant Sandra Holmes. But Defendant Steven Holmes did not allow Defendant Megan Clark to complete the 2013-2014 school year teaching kindergarten in Room 8.

23. Instead, Defendant Steven Holmes overruled the concerned parents' strenuous objections, continued to conceal known childhood sexual abuse occurring in the classroom, dismissed the safety risk that Defendant Sandra Holmes presented in teaching Room 8, denied the request for a teacher other than Defendant Sandra Holmes in Room 8, removed Defendant Megan Clark as the teacher of Room 8, and placed Defendant Sandra Holmes as the teacher of Room 8 half-way through the 2013-2014 school year. Rather than placing Defendant Sandra

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND DAMAGES

Page 8

PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

Holmes to the LAP classroom (a room to which she was ultimately placed), Defendant Steven Holmes exercised his authority as principal by placing her in charge of the Room 8 kindergarten class. His placement of Defendant Sandra Holmes in December 2013 was a new decision that he made contemporaneously with her return, a decision that also upended a pre-existing plan with Defendant Megan Clark. His decision to assign Defendant Sandra Holmes to classroom 8 made a terrible situation worse.

24. When Defendant Sandra Holmes reported for duty in December 2013, Defendant Megan Clark alerted her to the danger posed by one of the male students in the class who had reportedly engaged in sexually aggressive behaviors, including sexually inappropriate touching of Plaintiff U.S.V. while in the bathroom. Defendant Megan Clark also advised Defendant Sandra Holmes that she had created very structured procedures for use of the bathroom, including use of the bathroom by one student at a time in order to control bathroom access and prevent potentially dangerous and sexually inappropriate behavior in the bathroom, a danger she had recognized during her several months with this class.

25. Later in December 2013, Defendant Sandra Holmes told Defendant Melissa Porter, the Grant Elementary School Counselor, that this sexually aggressive male student had "a touching problem" and, further, that the boy had "been touching kids in [her] class." She also told the counselor, Defendant Melissa Porter, that "you need to get him help." Defendant Melissa Porter never took any remedial measures to increase the safety of the children in Room 8. Defendant Melissa Porter disregarded the danger of further abuse and, like the other Defendants, concealed it from authorities, thereby creating the situation where U.S.V. would be subject to prolonged and worse sexual abuse.

26. Defendant Melissa Porter had the opportunity to advise removal of Defendant Sandra Holmes or separation and/or removal of the sexually aggressive male student. Given her training and experience, Defendant Melissa Porter was uniquely situated to know that a sexually aggressive youth would strike again. Defendant Melissa Porter's continued

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND DAMAGES

Page 9



PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

concealment of the childhood sexual abuse occurring inside the classroom put Plaintiff U.S.V. in continued and worse jeopardy.

27. Within the following two months, Defendant Steven Holmes received approximately sixty (60) complaints regarding Defendant Sandra Holmes. These complaints included children being repeatedly sexually touched by sexually aggressive boys in Room 8. He became concerned but nonetheless refused to replace Defendant Sandra Holmes or to provide additional oversight or assistance to ensure proper conduct and control of and supervision of the students in the class. Instead, he continued to conceal the known sexual abuse occurring inside the classroom, putting Plaintiff U.S.V. in continued and worse jeopardy from the sexual attacks.

28. Defendant Megan Clark, Defendant Sandra Holmes, Defendant Melissa Porter, and Defendant Steven Holmes concealed the behavior of the sexually aggressive student to from both law enforcement or to Child Protective Services ("CPS"). Defendant Megan Clark and Defendant Sandra Holmes observed that this sexually aggressive male frequently went to the bathroom. However, after Defendant Sandra Holmes was notified of the specific sexual incidents involving the sexually aggressive male student, Defendant Sandra Holmes ignored the advice given by Defendant Megan Clark to enforce strict procedures for use of the bathroom. Instead, Defendant Sandra Holmes knowingly permitted the sexually aggressive male student to continue unsupervised access to the bathroom with young girls, exposing them to continued, worse, and more frequent sexual abuse.

29. On January 13, 2014, the mother of five-year-old Plaintiff U.S.V. emailed Defendant Sandra Holmes regarding the status of having Plaintiff U.S.V. removed to a different classroom due to the sexually aggressive male student repeatedly sexually touching her during school hours on school grounds. Although Defendant Sandra Holmes notified Defendant Steven Holmes of Plaintiff U.S.V.'s mother's complaint, Defendant Sandra Holmes continued to conceal the abuse from law enforcement or CPS as required by District policy. The continued

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND DAMAGES

Page 10

PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

concealment of sexual abuse from the authorities by Defendant Sandra Holmes, Defendant Megan Clark, Defendant Melissa Porter, and Defendant Steven Holmes constituted a major violation of District Policy No. 3421, which requires employees who have reasonable cause to believe a child has suffered from abuse or neglect to immediately report such incident to law enforcement or CPS.

30. On January 16, 2014, Defendant Steven Holmes issued a letter of direction to Defendant Sandra Holmes for disregarding and abandoning generally recognized professional standards for teachers. The unprofessional conduct included:

(a) Releasing students to other adults not on the contact list (3 instances);

(b) Having an (unknown) parent watch the class while Defendant Sandra Holmes exited her classroom to go to the staffroom;

(c) Grabbing a student by the shirt and others by the arm to line up;

(d) Not knowing the first and last names of her students by the sixth week;

(e) Leaving a child in a timeout for 1.5 hours; and

(f) Allowing kindergarten students to answer the classroom telephone.

31. Defendant Steven Holmes issued specific directives to Defendant Sandra Holmes to avoid future similar conduct. Defendant Sandra Holmes was advised that failure to follow the principal's directives would result in disciplinary action, up to and including termination of employment. Defendant Sandra Holmes admitted to these violations and was on notice to strictly adhere to professional standards and District policies. Disregarding the standards, Defendant Sandra Holmes continued to act with deliberate indifference and refused to protect the children in Room 8 from continued sexual abuse by sexually aggressive male students in Room 8.

32. Notwithstanding the letter of direction, Defendant Sandra Holmes left her kindergarten class unsupervised on January 23, 2014. A parent volunteer discovered the unsupervised classroom and monitored the classroom until Defendant Sandra Holmes returned.

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND DAMAGES

Page 11


PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

Upon her return to the classroom, Defendant Sandra Holmes asked the parent volunteer, whom she had never met, to watch the classroom while Defendant Sandra Holmes went to lunch. On other occasions, Defendant Sandra Holmes would leave her classroom without *any* adult supervision, asking two of her five and six-year-old kindergarten students to be in charge. These incidents, and the others like it, violated professional standards of conduct and left the students without proper safeguards to prevent dangerous and harmful behavior from occurring. Despite knowing the grave danger that children in her classroom, including Plaintiff U.S.V., would be abused by the sexually aggressive male student, Defendant Sandra Holmes left kindergarten aged children completely unsupervised by a teacher for her own personal reasons, acting in deliberate indifference to the children's safety and knowingly exposing the children to worse sexual abuse with the complete absence of a teacher's presence.

33. On January 31, 2014, Defendant Steven Holmes conducted a classroom observation of Defendant Sandra Holmes' kindergarten classroom and found the classroom environment unsafe for students. A student left the group unnoticed by Defendant Sandra Holmes and was coloring on a white board for about 20 minutes until directed back to the group by a parent volunteer. During an unannounced fire drill on that date, Defendant Sandra Holmes left a student behind in the classroom who was eventually escorted out by someone else. Defendant Sandra Holmes' failure to notice this problem constituted a substantial safety issue.

34. On February 5, 2014, a female minor student of Defendant Sandra Holmes was found to be without her pants and underwear during recess. When another staff member reported it to Defendant Sandra Holmes, Defendant Sandra Holmes responded that she hoped this conduct would not continue because it was not the first time the student had been found without her clothes on. Defendant Sandra Holmes concealed this incident (or any prior incidents involving this child) from the principal, law enforcement, and CPS. Defendant Sandra Holmes' concealment of these incidents also violated the District's policy regarding reporting of suspected child abuse and neglect.

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND DAMAGES

Page 12

PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

35. On February 7, 2014, the mother of a female minor student of Defendant Sandra Holmes, noticed that her daughter's clothes and hair were disheveled and that her pants were unbuttoned and unzipped exposing her underwear. The female minor student revealed that a male student in her class – the same male student who had been repeatedly identified as sexually aggressive with a "touching problem" crawled under a table during class, removed her pants, and orally copulated her private parts. The female minor student's mother contacted Defendant Steven Holmes by phone, who reported the incident to the Tacoma Police Department. This sexual misconduct occurred in Defendant Sandra Holmes' classroom and went unnoticed by her. The continued exposure of children to sexual abuse and an overly sexualized environment caused worse damages. This failure to observe the abuse further violated standards of conduct for teaching the class.

36. On February 7, 2014, Defendant Steven Holmes assigned Defendant Sandra Holmes to the LAP position at Grant Elementary School. Defendant Megan Clark was then reassigned to Room 8, a further violation of school policy because she, too, had actual knowledge of the on-going sexually motivated atmosphere in kindergarten Room 8; however, Defendant Megan Clark, too, continued to conceal the sexually aggressive male student from CPS and law enforcement.

37. The Tacoma Police investigation established an institutional loss of control in Defendant Sandra Holmes' classroom that threatened the health and well-being of all students in class, and that sexual abuse had been occurring for some time. This institutional loss of control, as more fully explained above, resulted in the increasingly worse sexual abuse of minor Plaintiff U.S.V.

38. Every hour that Plaintiff U.S.V. was inside the classroom, she was exposed to more sexual abuse and an overall hyper sexualized environment. With each passing day, the sexual abuse compounded and worsened in severity for young Plaintiff U.S.V., causing increasing damages over the time she was inside the classroom. As a proximate result of the

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND DAMAGES

Page 13

PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

deliberate indifference to the health and safety of minor sexual abuse to Plaintiff U.S.V. as set forth above, in violation of her Fourteenth Amendment rights and Washington law, Plaintiff suffered from mental anguish and severe emotional distress.  Plaintiff U.S.V. also suffered damages from being denied the benefits of an education as provided by 20 U.S.C. § 1681, *et seq.*

39. Defendants acted with deliberate indifference and with reckless disregard of Plaintiff U.S.V.'s constitutional rights. Defendant Tacoma School District failed to enforce policies designed to protect students from deprivation of their civil rights, causing harm to minor Plaintiff U.S.V.

40. Plaintiff K.N. is also a childhood sexual abuse survivor herself.  Plaintiff U.S.V.'s sexual abuse has caused Plaintiff K.N. to suffer significant loss of love, society, and companionship in the relationship with Plaintiff U.S.V.  Compounding this loss has been Plaintiff K.N. reliving her own traumas and feeling even more helpless as the same fate unfolded with her daughter.

### IV.     CAUSES OF ACTION

**COUNT I**
**VIOLATION OF CIVIL RIGHTS**
**AS TO SANDRA HOLMES, MEGAN CLARK, STEVEN HOLMES, AND JANE AND JOHN DOES 1-7**
**(42 U.S.C. § 1983)**

41. <u>Civil Rights Violation.</u> Based on the paragraphs set forth and alleged above, Defendant Sandra Holmes, Defendant Megan Clark, Defendant Melissa Porter, Defendant Steven Holmes, and Defendant Jane and John Does 1-7 are liable for compensatory and punitive damages for their creation of an actual, particularized danger that minor Plaintiff U.S.V. would be sexually abused by known sexually violent students done in deliberate indifference toward the safety and well-being of Plaintiff U.S.V., including these Defendants' failure to protect the minor Plaintiff U.S.V. from sexual abuse and exploitation by sexually violent students while in



class and at school, failure to supervise, and failure to report known sexual abuse, despite these Defendants' actual awareness of an excessive risk of harm to Plaintiff U.S.V., despite these Defendants' actual awareness of ongoing sexual harassment of Plaintiff U.S.V., and despite these Defendants' actual knowledge that the remedial measures being employed were unreasonably inadequate to abate the immediate danger to Plaintiff U.S.V.'s safety and her ongoing harassment, and all done in violation of the due process and equal protection afforded under the Fourteenth Amendment as well as in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a), brought pursuant to 42 USC § 1983.

## COUNT II
## VIOLATION OF CIVIL RIGHTS - *MONELL*
## AS TO THE DISTRICT
## (42 U.S.C. § 1983)

42.  <u>Civil Rights Violation.</u>  Based on the paragraphs set forth and alleged above, the District is liable for compensatory and punitive damages for its execution of policies, customs, or practices, as well as for its actions in failing to adequately train, monitor, or supervise its employees to ensure the protection and safety of its students, including Plaintiff U.S.V., and each and all of which and were a moving force behind the sexual abuse, sexual harassment, and sexual exploitation of Plaintiff U.S.V., done with deliberate indifference to Plaintiff U.S.V.'s well-being and safety, and done in violation of the due process and equal protection afforded under the Fourteenth Amendment, brought pursuant to 42 USC § 1983.

## COUNT III
## VIOLATION OF TITLE IX
## AS TO THE DISTRICT
## (20 U.S.C. § 1681, *et seq*.)

43.  <u>Title IX.</u>  Based on the paragraphs set forth and alleged above, the District is liable for compensatory and punitive damages for its actions in creating and/or subjugating Plaintiff U.S.V. to a hostile educational environment in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a), when the District and its officials had actual

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS
AND DAMAGES

Page 15



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

knowledge of the sexual assaults of U.S.V. and other students in class created by its failure to supervise the sexual perpetrator and protect children, and when the District and its officials failed to take immediate, effective remedial steps to resolve the sexual harassment and instead acted with deliberate indifference toward Plaintiff U.S.V. and other similarly situated students, the result of which was to exclude minor Plaintiff U.S.V. from participation in, being denied the benefits of, and being subjected to discrimination in the District's education program in violation of Title IX.

### COUNT IV
### LOSS OF CONSORTIUM
### AS TO ALL DEFENDANTS
### (Washington Common Law)

44. <u>Loss of Consortium</u>. Based on the paragraphs set forth and alleged above, Defendants' deliberate indifference, misfeasance, and conduct proximately caused harm and losses to Plaintiff K.N. in the form of loss of consortium for which Defendants are liable.

## V.     RESERVATION OF RIGHTS

45. <u>Reservation of Rights.</u> Plaintiffs reserve the right to assert additional claims as may be appropriate following further investigation and discovery.

## VI.    JURY DEMAND

46. <u>Jury Demand.</u> Under the Federal Rules of Civil Procedure, Plaintiffs demand that this action be tried before a jury.

## VII.   PRAYER FOR RELIEF

47. <u>Relief.</u> Plaintiffs respectfully request the following relief:

   A. That the Court award Plaintiffs appropriate relief, to include all special and general damages established at trial;

   B. That the Court impose punitive damages under any provision of law under which punitive damages may be imposed;

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND DAMAGES

Page 16



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

C. That the Court award costs, reasonable attorneys' fees, and statutory interest under any applicable law or ground in equity, including 42 U.S.C. § 1988 and all other applicable bases for an award of attorneys' fees and litigation costs;

D. That the Court award pre-judgment interest on items of special damages;

E. That the Court award post-judgment interest;

F. That the Court award Plaintiffs such other, favorable relief as may be available and appropriate under law or at equity; and

G. That the Court enter such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: January 11, 2019

By: /s/ Darrell L. Cochran
One of Plaintiffs' Attorneys

DARRELL L. COCHRAN
(darrell@pcvalaw.com)
Pfau Cochran Vertetis Amala PLLC
911 Pacific Ave., Ste. 200
Tacoma, WA 98402
Tel: (253) 777-0799

By: /s/ Kevin M. Hastings
One of Plaintiffs' Attorneys

KEVIN M. HASTINGS
(kevin@pcvalaw.com)
Pfau Cochran Vertetis Amala PLLC
911 Pacific Ave., Ste. 200
Tacoma, WA 98402
Tel: (253) 777-0799

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND DAMAGES

Page 17



PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799 Facsimile: (253) 627-0654